JUDICIAL PANEL ON
MULTIDISTRICT LITIGATION
FILED

AUG 15 1988

PATRICIA D. HOWARD
CLERK OF THE PANEL

DOCKET NO. 769

BEFORE THE JUDICIAL PANEL ON MULTIDISTRICT LITIGATION

IN RE NATIONAL MASTER FREIGHT AGREEMENT DRUG TESTING LITIGATION

ORDER DENYING TRANSFER

This litigation presently consists of three actions pending in two federal districts: two actions in the Northern District of Ohio and one action in the Eastern District of Michigan. Before the Panel is a motion by plaintiff in the Michigan action to centralize the actions in this litigation in the Northern District of Ohio, pursuant to 28 U.S.C. §1407, for coordinated or consolidated pretrial proceedings. All defendants in the litigation oppose the motion.

On the basis of the papers filed,[1] the Panel finds that centralization would not necessarily serve the convenience of the parties and witnesses or further the just and efficient conduct of this litigation. We recognize that these actions may share some questions of fact, but we emphasize that discovery is completed in all three actions. Additionally, we note that i) the actions are pending in two adjacent federal districts, and ii) all defendants oppose transfer. In light of these factors, we are not persuaded that Section 1407 transfer is warranted. With respect to the summary judgment motions pending in the three actions, we point out that suitable alternatives to transfer exist in order to minimize the possibility of conflicting pretrial rulings. See, e.g., In re Eli Lilly and Company (Cephalexin Monohydrate) Patent Litigation, 446 F. Supp. 242, 244 (J.P.M.L. 1978).

All defendants argue that the motion for Section 1407 transfer filed by plaintiff in the Michigan action is frivolous. Defendants accordingly ask the Panel to impose sanctions on movant and his attorney, pursuant to Fed.R.Civ.P. 11, in the amount of defendants' costs and fees, including reasonable attorneys' fees, incurred in opposing the Section 1407 motion. We are not persuaded that the motion for transfer is frivolous and we therefore deny defendants' requests for sanctions. See, e.g., In re Continental Air Lines, Inc. Employment Practices Litigation, MDL-469 (J.P.M.L., filed July 9, 1981) (unpublished order); In re Royal Typewriter Co. (Royal Bond Copier) Breach of Warranty Litigation, 435 F.Supp. 925, 926 (J.P.M.L. 1977).

---

[1] The parties waived oral argument and accordingly the question of transfer under Section 1407 was submitted on the briefs. Rule 17, R.P.J.P.M.L. (effective July 6, 1988).

-2-

IT IS THEREFORE ORDERED that the motion pursuant to 28 U.S.C. §1407 to centralize the actions listed on the attached Schedule A be, and the same hereby is, DENIED.

FOR THE PANEL:

*Andrew A. Caffrey*
―――――――――――――――
Andrew A. Caffrey
Chairman

SCHEDULE A

<u>MDL-769 -- In re National Master Freight Agreement Drug Testing Litigation</u>

<u>Eastern District of Michigan</u>

<u>Alvin Walk v. P.I.E. Nationwide, Inc., et al.</u>, C.A. No. 87 CV 60115 AA

<u>Northern District of Ohio</u>

<u>Arthur J. Bellamy, et al. v. Roadway Express, Inc., et al., C.A. No. C86-205A</u>
<u>Freddie Lee Martin v. Roadway Express, Inc., et al.</u>, C.A. No. C87-367A